IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------x
PACIFIC GULF SHIPPING CO.,

              Plaintiff,              CIVIL ACTION NO. H-19-CV-727

              v.                              IN ADMIRALTY

ADAMASTOS SHIPPING & TRADING    UNDER SEAL
S.A., VIGOROUS SHIPPING & TRADING
S.A., FEARLESS SHIPPING & TRADING
S.A., BLUE WALL SHIPPING LTD.,
PHOENIX SHIPPING & TRADING S.A.,
THALASSA HOLDINGS S.A.,
ALASTOR MARINE S.A., GEORGE
GOURDOMICHALIS, and EFSTATHIOS
GOURDOMICHALIS,

              Defendants.
------------------------------------------------------x

## ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Having reviewed and considered the Motion for Issuance of Process of Maritime Attachment and Garnishment of Plaintiff, PACIFIC GULF SHIPPING CO. (hereinafter "Plaintiff"), and Plaintiff's Verified Complaint, together with the Attorney Declaration that Defendants cannot be found in the District, and finding that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist, the Court hereby:

**ORDERS** the Clerk to issue Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, belonging to Defendants ADAMASTOS SHIPPING & TRADING S.A., VIGOROUS SHIPPING & TRADING S.A., FEARLESS SHIPPING & TRADING S.A., BLUE WALL SHIPPING LTD., PHOENIX

1

SHIPPING & TRADING S.A., THALASSA HOLDINGS S.A., ALASTOR MARINE S.A., GEORGE GOURDOMICHALIS, EFSTATHIOS GOURDOMICHALIS (hereinafter "Defendants") to wit: the M/V FEARLESS, IMO Number 9228265, her engines, boilers, tackle, apparel, and all necessary appurtenances thereto, as well as debts, credits, or effects including but not limited to accounts, checks, disbursement advances, payments, property on board the M/V FEARLESS which is currently located within the Southern District of Texas in an amount up to **USD 23,059,881** pursuant to Supplemental Rule B; and

**ORDERS** that the Clerk of the Court shall issue further, supplementary writs of maritime attachment and garnishment, on request of the Plaintiff and without further Order of the Court; and

**ORDERS** that the United States Marshal and/or any Substitute Custodian, which is subsequently appointed by this Court, is authorized to allow the M/V FEARLESS to conduct normal cargo operations, both discharging and loading, repair works, and to shift berths (consistent with the U.S. Marshal's requirements), always remaining within this judicial district, and always at the risk and expense of the vessel's interests; and

**ORDERS** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

**ORDERS** that the U.S. Marshal is released and held harmless for any and all costs, fees, liabilities, or other expenses in any way arising out of the attachment of the M/V FEARLESS; and

**ORDERS** that the charges and expenses incurred by the U.S. Marshal shall be deemed *in custodia legis*, and will be paid from the proceeds of the vessel's sale unless otherwise agreed. If

a written objection is timely filed, payment of the disputed charges only shall be made after the objection is resolved by agreement of the parties or by Court Order. Payment of the undisputed charges shall not be affected; and

**ORDERS** that any property of the Defendants, specifically the M/V FEARLESS, her engines, boilers, tackle, apparel, and all necessary appurtenances thereto, as well as debts, credits, or effects including but not limited to accounts, checks, disbursement advances, payments, property on board the M/V FEARLESS as well as any tangible or intangible property of Defendants in the possession of its steamship agents, may be released from attachment without further order of this Court, if the U.S. Marshal receives written authorization to do so from the attorney who requested the attachment and garnishment, stating that he has conferred with all attorneys representing parties to the litigation, and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order; and Plaintiff shall hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, from any and all claims arising from the attachment and release of the vessel as is herein specifically provided; and

**ORDERS** that any person claiming an interest in the property attached or garnished pursuant to order upon application of the Court, be entitled to a prompt hearing in which Plaintiff shall be required to show why the attachment or garnishment should not be vacated or other relief granted;

SIGNED at Houston, Texas this _____ day of _____ 2019.

FEB 2 8 2019

_____
UNITED STATES DISTRICT COURT JUDGE

**Presented by:**

CHALOS & CO, P.C.
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
*Attorneys for Plaintiff*
7210 Tickner Street
Houston, Texas 77055
Telephone: (516) 714-4300
Email: gmchalos@chaloslaw.com
bsparkman@chaloslaw.com

4