UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| PACIFIC GULF SHIPPING CO., § § § Plaintiff, § § VS. § § § § ADAMASTOS SHIPPING & TRADING S.A., § *et al*, | | CIVIL ACTION NO. 4:19-CV-727 |

Defendants.

## ORDER

Before the Court are Defendant Fearless Shipping & Trading S.A.'s Motion to Vacate Maritime Rule B Attachment (the "Motion") (Doc. #10) and Plaintiff Pacific Gulf Shipping Co.'s Response (Doc. #23).[1] Having reviewed the parties' briefed arguments, arguments raised at the March 7, 2019 hearing, and applicable legal authority, the Court grants the Motion.

**I.  Background**

Plaintiff Pacific Gulf Shipping Co. ("Plaintiff" or "Pacific Gulf") alleges the following facts:

- On April 8, 2014, Plaintiff entered into a charter party agreement with Defendant Adamastos Shipping for use of the M/V ADAMASTOS, a vessel. Doc. #1 at ¶ 13. The parties agreed that the arbitration of disputes arising out of that agreement would occur in London under English law. *Id.* at ¶ 17.
- As disponent owner (*i.e.*, assumed owner) of the M/V ADAMASTOS, Plaintiff entered into a sub-charter party agreement with Integris Co Ltd. ("Integris"). *Id.* at ¶ 19. Integris further sub-chartered the vessel to Marubeni Corporation ("Marubeni") to transport Marubeni's soybean cargo. *Id.* at ¶ 20.

---

[1] Defendant Blue Wall Shipping Limited "joins in all parts of the Motion." Doc. #18 at 1.

- Due to circumstances surrounding the grounding of the M/V ADAMASTOS that are not relevant to this Order, Marubeni sought to recover the value of its soybean cargo from Integris in London arbitration proceedings ("ARB No. 1"). *Id.* at ¶ 35. In turn, Integris filed a claim against Plaintiff in London arbitration proceedings ("ARB No. 2") to recoup any damages awarded to Marubeni in ARB No. 1 in the future. *Id.* at ¶ 36.
- On June 6, 2016, Plaintiff then pursued a claim against Defendant Adamastos Shipping in London arbitration ("ARB No. 3") to recoup any damages awarded to Integris in ARB No. 2 in the future. *Id.* at ¶ 38; *see also* Graphic 1.



Graphic 1. Map of Relationships.

- ARB No. 3 resulted in an award for Plaintiff against Adamastos Shipping. Doc. #1, Ex. 2 at ¶ 51(B)(iv) ("[Plaintiff is] entitled to be indemnified by [Adamastos Shipping] against . . . [a]ny liability that [Plaintiff has] or might be found to have or might in the future reasonably incur towards any third parties . . . arising out of the grounding of the [M/V ADAMASTOS].").
- Meanwhile, ARB No. 2 was stayed at the request of Plaintiff and Integris. Doc. #23 at 10 ("The London Arbitration is currently stayed on the request of Integris and PACIFIC GULF in order to finalize an agreement and resolution to the pending claims now that Marubeni's cargo claim as been settled in full."). Importantly, the Court has not been informed of any security requirement issued in ARB No. 2 against Plaintiff prior to the stay.

The Court's February 28, 2019 Order authorized the attachment of the M/V FEARLESS. Doc. #5. Now, Defendant Fearless Shipping & Trading S.A. ("Fearless Shipping") moves to vacate that attachment.[2]

---

[2] As part of its action, Plaintiff alleges that Defendant Fearless Shipping is the alter ego of Defendant Adamastos Shipping. Doc. #1 at ¶ 194. Furthermore, Plaintiff argues that because it has an enforceable award from ARB No. 3 against Adamastos Shipping, Plaintiff is entitled to enforce that award against Fearless Shipping and, specifically, attach Fearless Shipping's vessel to protect Plaintiff's interests. *Id.* However, determining the alter ego issue is unnecessary to decide the Motion. Accordingly, for the purposes of its analysis in this Order, the Court will assume without ruling that Defendant Fearless Shipping is the alter ego of Defendant Adamastos Shipping.

## II. Legal Standard

Following the attachment of a vessel under Rule B for exigent circumstances, the "plaintiff has the burden . . . under Rule E(4)(f) to show that exigent circumstances [in fact] existed." FRCP SUPP AMC Rule B(1)(c) (West Supp. 2019). Specifically, pursuant to Rule E(4)(f), "the plaintiff shall be required to show why the arrest or attachment should not be vacated." *Id.* at Rule E(4)(f). "To support the attachment of a vessel pursuant to Rule B, a plaintiff must show that: (1) it has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, CA No. C-12-074, 2013 WL 1628358, at *3 (S.D. Tex. Mar. 28, 2013) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *overruled on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)) (cleaned up) (emphasis in original).

When applying the first element, courts have generally held that a plaintiff's unripe indemnity claim does not qualify as a valid *prima facie* admiralty claim against the defendant. *Compare Bottiglieri Di Na Vigazione Spa v. Tradeline LLC*, 472 F. Supp. 2d 588, 591 (S.D.N.Y. 2007), *aff'd sub nom. Bottiglieri Di Navigazione SPA v. Tradeline LLC*, 293 Fed. Appx. 36 (2d Cir. 2008) (vacating attachment and holding that an indemnity claim against the defendant was unripe under English law because plaintiff had yet to incur liability to the third-party), *with Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd.*, 485 F. Supp. 2d 399, 405 (S.D.N.Y. 2007) (declining to vacate attachment and holding that an indemnity claim was ripe under English

law because unlike *Bottiglieri*, plaintiff had already posted a bank guarantee for the benefit of the third-party).

### III. Analysis

Defendant Fearless Shipping moves the Court to vacate the attachment of the M/V FEARLESS, arguing that—among other reasons—Plaintiff has failed to show that it has a valid *prima facie* admiralty claim because Plaintiff's claim is unripe under English law. Doc. #10 at 5–9.

Here, Plaintiff's claim is one that Plaintiff concedes arises from an indemnity right awarded in ARB No. 3. Doc. #1 at 9 (Plaintiff seeks enforcement of an award "declar[ing] that Plaintiff was entitled to be indemnified by ADAMASTOS SHIPPING for ***any and all*** liabilities that Plaintiff 'have or might be found to have or might in the near future' related to the claims up the charter chain by Marubeni Corporation and Integris Co Ltd." (quoting ARB No. 3 Award, Doc. #1, Ex. 2 at ¶ 51(B)) (emphasis in original)). However, as Plaintiff further concedes, ARB No. 2 between Plaintiff and Integris "is currently stayed on the request of Integris and PACIFIC GULF in order to *finalize an agreement and resolution* to the pending claims." Doc. #23 at 10 (emphasis added). In other words, like the plaintiff in *Bottiglieri*, Plaintiff asserts an indemnity claim against Defendant Fearless Shipping—which purports to serve as the basis for attachment—when Plaintiff has yet to incur liability to third-party Integris. 472 F. Supp. 2d at 591. And unlike *Navalmar*, a security requirement has not been issued in ARB No. 2 against Plaintiff. 485 F. Supp. 2d at 405. Therefore, the Court finds that Plaintiff's indemnity claim is unripe and does not qualify as a valid *prima facie* admiralty claim under Rule B.

Accordingly, because Plaintiff has failed to show that it has a valid *prima facie* admiralty claim, the Court grants the Motion.

## IV. Conclusion

For the foregoing reasons, the Motion is hereby GRANTED, and the attachment of the M/V FEARLESS is VACATED.

It is so ORDERED.

MAR 1 3 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5