UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

PACIFIC GULF SHIPPING CO.,　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　　§　　　CIVIL ACTION NO. 4:19-CV-727
　　　　　　　　　　　　　　　　　§　　　　　　　　　　*SEALED*
　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
ADAMASTOS SHIPPING & TRADING S.A., §
*et al*,

　　　　　Defendants.

## **ORDER**

Before the Court are Plaintiff's Emergency Motion for Reconsideration of Order Granting Motion to Vacate (the "Motion to Reconsider") (Doc. #36), Defendant Fearless Shipping & Trading S.A.'s Response (Doc. #39), Second Declaration of Edward Mills-Webb (Doc. #40), Plaintiff's Notice (Doc. #46), and Defendant Fearless Shipping & Trading S.A.'s Response to Plaintiff's Post-Hearing Filings (Doc. #49).[1] Having reviewed the parties' briefed arguments, arguments raised at the March 14, 2019 hearing, and applicable legal authority, the Court grants the Motion to Reconsider.

The Court's March 13, 2019 Order vacated the attachment of the M/V FEARLESS because Plaintiff had failed to show that it had a valid *prima facie* admiralty claim. Doc. #34; *see also Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, CA No.

---

[1] Also, before the Court are the arguments in Defendant Fearless Shipping & Trading S.A.'s Motion to Vacate Maritime Rule B Attachment (Doc. #10) and Plaintiff Pacific Gulf Shipping Co.'s Response (Doc. #23).

C-12-074, 2013 WL 1628358, at *3 (S.D. Tex. Mar. 28, 2013) ("To support the attachment of a vessel pursuant to Rule B, a plaintiff must show that: (1) it has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." (emphasis in original)). Specifically, Plaintiff previously had failed to show that its indemnity claim was ripe under English law. *Id.* at 4. But now, Plaintiff has presented some evidence demonstrating that it has incurred liability to third-party Integris Co Ltd. and that its claim is ripe. *See* Doc. #40 and #46, Ex. 1.[2] Accordingly, because the Court finds that reasonable grounds exist to sustain attachment of the M/V FEARLESS, the Court's March 13, 2019 Order vacating the attachment of the M/V FEARLESS is vacated. *See Seatrade Group N.V. v. 6,785.5 Tons of Cement*, No. H-05-2771, 2005 WL 3878026 (S.D. Tex. Dec. 7, 2005) ("A Rule E(4)(f) hearing is not intended definitely to resolve the dispute between the parties, but only to make a preliminary determination of whether there are reasonable grounds for issuance of the arrest").

For the foregoing reasons, the Motion to Reconsider is hereby GRANTED, and the Court's March 13, 2019 Order is VACATED. Accordingly, the Court's February 28, 2019 Order attaching the M/V FEARLESS remains in effect. Plaintiff is ORDERED to amend its Complaint to include information regarding its finalized settlement with Integris Co Ltd. within five (5) days of the entry of this Order.

It is so ORDERED.

MAR 1 9 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[2] Defendants have not identified any controlling authority that would prohibit the Court from considering new evidence outside of the original Complaint to determine whether Plaintiff has a valid *prima facie* admiralty claim.